**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Geoff Winkler,

Plaintiff(s),

v.

Arthur Kuan, et al.,

Defendant(s).

Case No. 2:26-cv-00993-CDS-NJK

**ORDER**

[Docket Nos. 12, 13]

Pending before the Court are the Receiver's motions to extend time for service and for alternative service. Docket Nos. 12, 13. No response has been filed. For the reasons discussed below, the Court **GRANTS** the motion to extend time and **DENIES** without prejudice the motion for alternative service.

## I. Motion to Extend

The Court must extend the time for service for an appropriate period upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, the Receiver attempted to obtain service waivers and thereafter attempted actual service. *See* Docket No. 12-1 at ¶¶ 6-15. In light of the Receiver's diligence, good cause exists to extend the service period for 60 days to August 28, 2026.

## II. Motion for Alternative Service

The Federal Rules permit service in accordance with state law. *See* Fed. R. Civ. P. 4(e)(1). A party seeking an order for alternative service pursuant to Nevada law must: (1) demonstrate "that the service methods provided in Rules 4.2, 4.3, and 4.4(a) [of the Nevada Rules of Civil Procedure] are impracticable"; (2) provide evidence that "due diligence was undertaken to locate and serve the defendant;" (3) provide evidence of "the defendant's known, or last-known, contact information"; and (4) state why the alternative form of service comports with due process. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021) (quoting Nev. R. Civ. P. 4.4(b)(2) and collecting cases). In this case, the Receiver seeks an order allowing

alternative service on Defendant Sketchley. *See, e.g.*, Docket No. 12 at 7-8. Although the Receiver explains that prior efforts to obtain service waivers and to effectuate service have proven unsuccessful, *see, e.g.*, *id*., the Receiver does not explain in meaningful fashion why the traditional service methods outlined in Rules 4.2, 4.3, and 4.4(a) of the Nevada Rules of Civil Procedure are impracticable, *but see, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development).[1] As such, the Receiver has failed to show that alternative service should be permitted.

**III. Conclusion**

For the reasons discussed above, the Court **GRANTS** the motion to extend time and **DENIES** without prejudice the motion for alternative service. The service deadline is extended to August 28, 2026.

IT IS SO ORDERED.

Dated: July 24, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] The Receiver cites a recent decision allowing alternative service where the plaintiff could not ascertain a "current viable residential address" for the defendant despite efforts to do so. *See Investment Recovery Fund, Inc. v. Elmaliach*, 2025 WL 3033891, at *2 (D. Nev. Oct. 30, 2025); *see also PlayUp*, 2021 WL 5988539, at *2 (allowing alternative service where the plaintiff "does not know where Defendant currently resides"). By contrast, the Receiver asserts that he does know where these defendants reside. *See, e.g.*, Docket No. 12 at 8. As explained above, the Receiver does not provide meaningfully developed argument as to why traditional service is impracticable in the circumstances of this case.